```
                  United States District Court
                    District of Massachusetts
```

| | |
|---|---|
| **Randall Bock,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. |
| **Candace Lapidus Sloane et al.,** ) | 22-10905-NMG |
| ) | |
| Defendants. ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises from allegations of the plaintiff, Dr. Randall Bock ("Dr. Bock" or "plaintiff") that the defendants, Candace Lapidus Sloane ("Sloane") and George Abraham ("Abraham" and together with Sloane, "defendants"), former members of the Massachusetts Board of Registration in Medicine ("the Board"), unlawfully suspended his medical license thereby destroying his medical practice.

Pending before the Court are three motions filed by pro se plaintiff: 1) for leave to file electronically, 2) to reassign this case and 3) to disqualify counsel for defendants.  The first motion will be allowed.  The other two motions will, however, be denied.

I.  **Motion to File Electronically**

Plaintiff's motion for leave to file electronically (Docket No. 2) is allowed on the condition that he satisfy all applicable requirements for pro se litigants.  Plaintiff must have an individual PACER account to file electronically in the District of Massachusetts.

Plaintiff can register for a PACER account by going to the PACER website at https://pacer.uscourts.gov/register-account.  Pro se e-filing account instructions can be found at https://www.mad.uscourts.gov/caseinfo/nextgen-pro-se.htm.  If plaintiff already has a PACER account with e-filing access as a pro se litigant, he need not register again.

II. **Motion to Reassign Case**

Plaintiff requests that this action be reassigned to a different judge "with knowledge of heroin addiction and related medical issues".  The Court declines the request.  United States district judges are generalists and are not required to have independent knowledge of or expertise in the subject matter of the subject action. Pérez-Sosa v. Garland, 22 F.4th 312, 327 (1st Cir. 2022).  In any event, addiction and related medical issues, unfortunately, are not arcane or even unusual, and the effect of reassignment of this case upon the "efficient performance of the business of the court" would be marginal or nonexistent. L.R., D. Mass. 40.1(i)(1).

III. **<u>Motion to Disqualify Counsel</u>**

Finally, Dr. Bock seeks disqualification of defense counsel. He contends that it is "<u>ultra vires</u>" for the Commonwealth of Massachusetts, through its Attorney General, 1) to defend Board members and 2) to hire private counsel to defend those members. Those arguments rest upon several misapprehensions of the plaintiff and the motion will be denied.

Massachusetts law provides that the Attorney General shall appear for the Commonwealth and its officers in all suits

> in which the official acts and doings of said . . . .
> officers . . . . are called in question.

M.G.L. c. 12, § 3.

This is one such suit. Although Dr. Bock has sued Sloane and Abraham in their individual capacities, the action of which he complains, i.e. the suspension of his medical license, is among the "official acts and doings" of the Board. Representation of the defendants by the Commonwealth is thus not only appropriate but required. <u>See</u> <u>Faust</u> v. <u>Cabral</u>, No. 11-10422-DPW, 2011 U.S. Dist. LEXIS 109855 at *3-4 (D. Mass. Sept. 27, 2011) (citing <u>Dolan</u> v. <u>Tavares</u>, No. 10-10249-PBS, 2010 U.S. Dist. LEXIS 133467 at *1-2 (D. Mass. Dec. 16, 2010)). The authority cited by Dr. Bock concerns the sovereign and antitrust immunity of the Commonwealth and is inapposite.

To the extent the motion challenges the purported retention of private counsel, it is moot because Attorney Bor-Zale has withdrawn his appearance.  In any event, Dr. Bock's allegation that defendants have retained private counsel is mistaken because Attorney Bor-Zale appeared in this action as a Special Assistant Attorney General pursuant to a secondment from WilmerHale, i.e. as a temporary, volunteer member of the Attorney General's office, not as retained private counsel.

### ORDER

For the foregoing reasons, plaintiff's motion for leave to file electronically (Docket No. 2) is **ALLOWED**.  The motion to reassign this action (Docket No. 6) is **DENIED**.  The motion to disqualify counsel (Docket No. 13) is **DENIED**.

The Court has read and considered plaintiff's motion for leave to file a reply (Docket No. 18) and the attached proposed reply.  Therefore, that motion is **ALLOWED**, albeit without consequence.

**So ordered.**

                                              /s/ Nathaniel M. Gorton
                                              Nathaniel M. Gorton
                                              United States District Judge

Dated:  July 15, 2022